IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| THEODORE N. HERRING, JR. and | ) | CASE NO. 13-32914-H3-7 |
| CARMEN W. DAWSON, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Application for Authority to Employ Special Counsel for the Trustee Pursuant to 11 U.S.C. §328(a)" (Docket No. 138) filed by the Trustee in the above captioned Chapter 7 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Theodore M. Herring, Jr. and Carmen W. Dawson ("Debtors") filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on May 9, 2013. Joseph M. Hill ("Trustee") is the Chapter 7 Trustee.

The Heron Lakes Estates Owners Association, Inc. ("Heron Lakes") has been active in the instant Chapter 7 case since its inception. On May 21, 2013, T. Josh Judd, who was then

an attorney with the firm of Hoover Slovacek, LLP, filed a notice of appearance on behalf of Heron Lakes.  (Docket No. 10).

On October 16, 2013, Heron Lakes filed a complaint objecting to Debtors' discharge.  After extensive discovery and a seven-day trial, the court denied the relief requested by Heron Lakes, by Memorandum Opinion and Judgment entered on August 26, 2015.  (Docket Nos. 100, 101, Adv. No. 13-3290).[1]

On April 23, 2014, the Trustee sought authority to employ Judd as his special counsel, in order to seek recovery of Lots 24 and 26 in the Heron Lakes Estates subdivision (which Trustee asserted had been transferred by Debtors to Laverne Williams).  The application indicated that the compensation arrangement between Judd and Trustee called for Judd to pursue the representation on a 33 percent contingent fee.  (Docket No. 40).  Debtors, who were and are represented by counsel, did not object to Trustee's employment of Judd as his special counsel. (Docket No. 68).

On May 9, 2014, Trustee, through Judd as his special counsel, filed the complaint in Adversary No. 14-3170, seeking avoidance and recovery of alleged fraudulent transfers of Lots 24 and 26, or alternatively a declaratory judgment determining that

---

[1] On May 16, 2014, Heron Lakes filed an objection to Debtors' claim of exemptions.  After extensive litigation, the court entered a Memorandum Opinion and Judgment disallowing certain of the Debtors' claimed exemptions.  (Docket Nos. 116, 117).

2

the deed transferring the property was void, leaving the two lots as property of the bankruptcy estate. (Docket No. 1, Adv. No. 14-3170). After extensive discovery and a four-day trial, the court determined that the two lots were property of the bankruptcy estate, by Memorandum Opinion and Judgment entered on April 13, 2016. Debtors and Trustee have each appealed this court's ruling. The appeal remains pending.

On May 3, 2016, Trustee applied for authority to expand his employment of Judd, in order to handle the appeal of the court's ruling in Adv. No. 14-3170. The application called for increasing the contingent fee to 40 percent. (Docket No. 128). No party objected to the application to expand employment. The application was granted, by order entered on May 31, 2016. (Docket No. 132).

On July 27, 2016, Trustee moved to sell Lots 24 and 26. (Docket No. 139). The motion to sell was granted, by order entered on August 24, 2016. (Docket No. 142). Debtor has not appealed the order approving sale of the two lots.

In the instant application, which was filed on July 27, 2016, Trustee seeks to continue the employment of Judd, at his new firm, Andrews Myers, P.C. The application indicates that the compensation arrangement between Judd and Trustee will continue to be a 40 percent contigent fee. (Docket No. 138).

Debtors did not file a timely objection to the instant application. However, the court set the application for a hearing, in light of the lack of clarity in the instant application as to whether Hoover Slovacek, LLP retained an interest in the contingent fee.

Although they are represented by counsel of record, Debtors appeared at the hearing on the instant application, pro se, and presented argument in opposition to the instant application. Debtors subsequently filed an objection to the instant application. (Docket No. 149). The court has considered this objection, in making a determination as to the merit of the instant application.

In their objection, Debtors assert that the application should be denied because a) there exists extreme hostility between Judd and Debtors; and b) Judd has a conflict of interest as a result of the contingent fee previously approved. Debtors did not present evidence in support of their contention. Debtors did attach to their objection a copy of a call sheet from the Harris County Sheriff's Office, indicating that they called regarding "Disturbance/Trespass." (Docket No. 149).

At the hearing on the instant application, Judd stated that Hoover Slovacek, LLP does not retain any interest in the contigent fee.

## Conclusions of Law

Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

A contingent fee does not disqualify an attorney from acting as special counsel pursuant to Section 327(e). In re Fender, 2006 WL 2612225 (Bankr. S.D. Fla. 2006).

This court's previous orders approving Judd as special counsel for the Trustee, and expanding that employment, while he was at Hoover Slovacek, LLP, are the law of the case. Debtors previously had an opportunity to object to Trustee's employment of Judd, and did not do so. Moreover, the continued employment of Judd at his new firm is warranted, in light of his familiarity with the facts due to his extensive work on behalf of Trustee in the instant case and its associated adversary proceedings, including the pending appeal. The court concludes that the instant application should be granted.

As to Debtors' contention that Judd has displayed hostility toward them, Debtors presented no evidence. The court notes that counsel has an obligation under the Texas Disciplinary Rules of Professional Conduct to zealously pursue the client's

interests within the bounds of the law. Despite Debtors' apparent call to the Harris County Sheriff's Office, there has been no indication that anything has taken place beyond Judd's zealous advocacy of his client's interest.

Based on the foregoing, a separate Judgment will be entered granting the "Application for Authority to Employ Special Counsel for the Trustee Pursuant to 11 U.S.C. §328(a)" (Docket No. 138).

Signed at Houston, Texas on September 20, 2016.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE